IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03245-GPG

PHILLIP S. MANDRELL,

    Plaintiff,

v.

RICK RAEMISCH, Executive Director, Colorado Dept of Corrections, and
PHYSICIAN HEALTH PARTNERS,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Phillip S. Mandrell, is in the custody of the Colorado Department of Corrections (CDOC) and is incarcerated at the correctional facility in Sterling, Colorado. He has filed a Prisoner Complaint, pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, claiming that he is being denied adequate medical care, in violation of the Constitution.

    The Court must construe the Complaint liberally because Mr. Mandrell is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the complaint and has determined that it is deficient. For the reasons discussed below, Mr. Mandrell will be ordered to file an amended complaint.

    Plaintiff alleges in the Complaint that in 2013, gastrointestinal surgeons and physicians at Denver Health Defendant recommended that he undergo surgery to remove a colonic stricture. However, Defendant Physicians Health Partners (PHP)

refused to authorize the surgery in June 2013 because Plaintiff was close to his mandatory release date of August 21, 2013. (ECF No. 1, at 3-4).  According to Mr. Mandrell, a clerical error made by the state district court thereafter resulted in an amended mittimus which reflected the addition of approximately 28 months to his sentence.  Plaintiff continued to suffer pain while the strictured area in his colon worsened into a bowel blockage, necessitating the performance of emergency surgery in July 2014.  Plaintiff alleges that he made three trips to the emergency room before he finally received the recommended surgery.  Mr. Mandrell asserts that Defendant PHP, the entity responsible for authorizing inmates to receive surgery and other medical procedures outside the prison, acted with deliberate indifference to his serious medical needs by refusing to approve the surgery recommended in 2013, causing him to suffer extreme pain for another year and a worsening of his condition until it became life-threatening.  Plaintiff claims that the CDOC was negligent in failing to ensure that he received the recommended surgery for over a year.  He seeks monetary, as well as injunctive relief, because he has been experiencing recent gastrointestinal symptoms similar to those he had before the surgery, but has not been referred to Denver Health for follow up treatment.

The Prisoner Complaint is deficient because Mr. Mandrell fails to allege specific facts to show the personal participation of Defendant Rick Raemisch, the Executive Director of the Colorado Department of Corrections, in a deprivation of his constitutional rights. Personal participation is an essential element of a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged

constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisor can only be held liable for his own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Furthermore, with regard to Defendant PHP,[1] "'[t]he established principles of municipal liability have been found to apply to § 1983 claims brought against private corporations like [proposed] Defendant PHP.'" *Ortiz v. Falk*, No. 13-cv-00612-PAB-MJW, 2014 WL 984933, at *10 (D. Colo. March 13, 2014) (quoting *Rhodes v. Physician Health Partners (PHP)*, No. 09-cv-482-REB-KLM, 2010 WL 728213, at *5 (D. Colo. Feb. 24, 2010)). "Therefore, according to the principles of municipal liability, a private actor such as PHP 'cannot be held liable solely because it employs a tortfeasor-or, in other words . . . cannot be held liable under § 1983 on a respondeat superior theory.'" *Id*. (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)). Instead, Plaintiff must allege facts to show that Defendant PHP directly caused the constitutional violation by instituting an official policy or custom that was the "moving force" behind the

---

[1] PHP, a private entity, which does business under the name "Correctional Health Partners," contracts with the CDOC to manage the referral and approval of medical care by outside specialists, somewhat in the nature of managed health care outside the prison environment. *See Self v. Milyard*, No. 11-cv-00813-RBJ-CBS, 2012 WL 3704958, at *3 (D. Colo. July 31, 2012).

3

constitutional violation. *Monell*, 436 U.S. at 694-95; *see also* City *of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Finally, Mr. Mandrell is reminded that negligent conduct does not violate the Constitution. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (stating that the Eighth Amendment is violated when a prison official acts with deliberate indifference to a substantial risk of serious harm to an inmate). Accordingly, it is

ORDERED that Plaintiff, Phillip S. Mandrell, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, the Court may dismiss some or all of this action without further notice for the reasons discussed above. It is

DATED December 3, 2014, at Denver, Colorado.

        BY THE COURT:

        s/ Gordon P. Gallagher

        United States Magistrate Judge