IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03245-GPG

PHILLIP S. MANDRELL,

    Plaintiff,

v.

RICK RAEMISCH, Executive Director, Colorado Dept of Corrections, and
PHYSICIAN HEALTH PARTNERS,

    Defendants.

---

ORDER DENYING REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF

---

    Plaintiff, Phillip S. Mandrell, is a Colorado Department of Corrections (CDOC) prisoner who is incarcerated at the correctional facility in Sterling, Colorado. He has filed, *pro se*, a Prisoner Complaint, pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, claiming that he is being denied adequate medical care, in violation of the Constitution.

    Plaintiff alleges in the Complaint that in 2013, gastrointestinal surgeons and physicians at Denver Health recommended that he undergo surgery to remove a colonic stricture. However, Defendant Physicians Health Partners (PHP) refused to authorize the surgery in June 2013 because Plaintiff was close to his mandatory release date of August 21, 2013. (ECF No. 1, at 3-4). According to Mr. Mandrell, a clerical error made by the state district court thereafter resulted in an amended mittimus which reflected the addition of approximately 28 months to his sentence. Plaintiff continued to suffer pain while the stricture in his colon worsened into a bowel blockage, necessitating the performance of emergency surgery in July 2014. Plaintiff alleges that he made three

1

trips to the emergency room before he finally received the recommended surgery at Denver Health Hospital.  Mr. Mandrell asserts that Defendant PHP, the entity responsible for authorizing inmates to receive surgery and other medical procedures outside the prison, acted with deliberate indifference to his serious medical needs by refusing to approve the surgery recommended in 2013, causing him to suffer extreme pain for another year and a worsening of his condition until it became life-threatening. Plaintiff claims that the CDOC was negligent in failing to ensure that he received the recommended surgery for over a year.  In the Complaint, he seeks monetary, as well as injunctive relief, because he has been experiencing recent gastrointestinal symptoms similar to those he had before the surgery, but has not been referred to Denver Health for follow up treatment.

On December 3, 2014, the Court entered an Order Directing Plaintiff to File an Amended Complaint to allege additional facts sufficient to hold Defendants Rick Raemisch and PSP liable under § 1983.

Mr. Mandrell has now filed a Letter with the Court (ECF No. 5) in which he states that he was advised by medical providers at Denver Health Hospital in a post-operative appointment that if he continued to have abdominal pain, bleeding or trouble with bowel movements he should return to Denver Health Hospital.  He further states that for the past several weeks he has experienced bleeding and pain when he attempts bowel movements.  Plaintiff notified medical care providers at the prison that he needs to be seen by doctors at Denver Health Hospital.  On November 28, 2014, an unidentified nurse gave Plaintiff a laxative and told him that he could see the physicians' assistant the following week.  Mr. Mandrell states that "d[octors] have told [him] in the past that a

rupture or treat within the colon would cause death very soon." (*Id.* at 3).

The Court construes Mr. Mandrell's filings liberally because he is not represented by an attorney. *See Haines*, 404 U.S. at 520-21; *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court construes the allegations in the Letter liberally as a motion for preliminary injunctive relief and will deny the motion, without prejudice, with leave to refile.

A temporary restraining order or preliminary injunction is an "extraordinary remedy", and, therefore, "the right to relief must be clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)). To obtain a preliminary injunction, the party seeking the injunction must demonstrate four factors:

> (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest.

*Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir.2001). "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003); Fed.R.Civ.P. 65(b).

In addition, the movant must establish "'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Little v. Jones* 607 F.3d 1245, 1251 (10th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.1994)). A mandatory preliminary injunction—one which requires the nonmoving party to take affirmative action—is generally disfavored. *Att'y Gen. of Okla. v. Tyson*

*Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009). Before a court may grant such relief, the movant must "make a heightened showing of the [ ] four factors." *Id.*

In this case, Mr. Mandrell seeks, in essence, preliminary injunctive relief against unspecified medical care providers at Sterling Correctional Facility, who are not named as Defendants in the Complaint. The allegations in the Letter do not directly implicate CDOC Director Raemisch or the PSP. Accordingly, the request for preliminary injunctive relief will be denied, without prejudice. If Mr. Mandrell intends to seek relief against medical care providers at Sterling, he must first amend the Complaint to include additional claims against those individuals.

The Court has ordered Mr. Mandrell file an amended complaint on or before January 3, 2015. The amended complaint should include any additional claims against the medical providers at Sterling, if Plaintiff intends to seek judicial relief against those individuals for the denial of adequate medical care. Mr. Mandrell is advised that any future request for preliminary injunctive relief should be filed as a motion, meet the requirements of Fed. R. Civ. P. 65, and must seek relief against persons who are named Defendants in this action. Accordingly, it is

ORDERED that the Letter (ECF No. 5), which the Court has construed liberally as a request for preliminary injunctive relief, is DENIED without prejudice. It is

FURTHER ORDERED that Mr. Mandrell shall file an amended complaint, in compliance with the December 3, 2014 Order, and with this Order (to the extent he intends to seek judicial relief against individuals not already named as Defendants in this action) **within thirty (30) days of the date of this Order**. It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner

Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, the Court may dismiss some or all of this action without further notice for the reasons discussed above.  It is

DATED December 4, 2014, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court