IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03245-GPG

PHILLIP S. MANDRELL,

      Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, CLINICAL SERVICES
      DEPARTMENT, and
PHYSICIANS HEALTH PARTNERS, a/k/a Correctional Health Partners,

      Defendants.

_____

ORDER TO DISMISS IN PART AND TO DRAW CASE

_____

Plaintiff, Phillip S. Mandrell, is in the custody of the Colorado Department of

Corrections (CDOC) and is incarcerated at the correctional facility in Sterling, Colorado.

He initiated this action by filing a Prisoner Complaint, pursuant to 28 U.S.C. § 1343 and

42 U.S.C. § 1983, claiming that he is being denied adequate medical care, in violation

of the Constitution.

On December 3, 2014, Magistrate Judge Gordon P. Gallagher reviewed the

Complaint and determined that it was deficient because Mr. Mandrell failed to allege

specific facts to show the personal participation of Defendant Rick Raemisch, the

Executive Director of the CDOC, in a deprivation of Plaintiff's constitutional rights.  (ECF

No. 6).  Magistrate Judge Gallagher also reminded Plaintiff in the December 3 Order

that he must meet the standard set forth in *Monell v. Dep't of Social Servs.*, 436 U.S.

658, 691 (1978), to hold Defendant Physicians Health Partners (PHP) liable under

§ 1983, and that negligent conduct does not violate the Constitution.  (*Id.*).  Magistrate

Judge Gallagher ordered Plaintiff to file an Amended Complaint within thirty days of the December 3 Order.  (*Id.*).  Mr. Mandrell filed an Amended Complaint on December 17, 2014 (ECF No. 8), and on January 5, 2015 (ECF No. 10).

Mr. Mandrell has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.  Pursuant to § 1915(e)(2)(B)(I), the Court must dismiss the action if Plaintiff's claims are frivolous or malicious.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  Subsection (e)(2)(B)(iii) of § 1915 requires a court to dismiss at any time an action that seeks monetary relief against a defendant who is immune from such relief.

The Court must construe Mr. Mandrell's pleadings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, this action will be dismissed, in part, and the remainder drawn to a presiding judge.

## I.  Amended Complaint

Mr. Mandrell indicates that the Amended Complaint filed on January 5, 2015 (ECF No. 10) is the operative pleading in this case.  Plaintiff alleges in the Amended Complaint that in 2011, he was diagnosed with a stricture in his colon.  Since then, he has been hospitalized because of the condition.  Mr. Mandrell alleges that gastrointestinal surgeons and physicians at Denver Health recommended that he

2

undergo surgery to remove the stricture; however, in April 2013, Defendant PHP refused to authorize the surgery on the stated ground that Plaintiff was close to his mandatory release date (MRD) of August 21, 2013.  Plaintiff states that CDOC medical personnel filed internal appeals asking Defendant PHP to grant approval for the surgery because Plaintiff's MRD was not until December 2015, but PHP refused to over-turn its earlier decision.  Mr. Mandrell alleges that he continued to suffer pain while the stricture in his colon worsened into a bowel blockage, necessitating the performance of emergency surgery in July 2014.  Plaintiff alleges that he experienced abdominal pain and difficulties passing bowel movements for several months after the surgery.  As of January 2015, however, he is "no longer experiencing any symptoms and [is] feeling better!"  (ECF No. 10, at 8).  Plaintiff further asserts that he is "no longer holding Sterling Correctional Facility liable nor any specific providers"; however, he does "hold the [CDOC] and [PHP] liable."  (*Id.*).

Mr. Mandrell claims that Defendant PHP, the entity responsible for authorizing CDOC inmates to receive surgery and other medical procedures outside the prison, acted with deliberate indifference to his serious medical needs by refusing to approve the surgery recommended in 2013, causing him to suffer extreme pain for another year and a worsening of his condition until it became life-threatening.  He alleges that PCP deprived him of adequate medical care, pursuant to an unconstitutional policy or custom of not authorizing outside surgeries for inmates who are close to their MRD.  Plaintiff further claims that Defendant CDOC Clinical Service Department also provided him with inadequate medical care, which resulted in prolonged pain and the need for emergency surgery in 2014.  He seeks monetary relief against the Defendants, as well as an

3

injunction prohibiting Defendant PHP from denying surgery to prisoners simply because they are close to their release date from prison.

## II.  Analysis

The Amended Complaint is deficient because Defendant CDOC Clinical Services Department enjoys Eleventh Amendment immunity from liability under § 1983. Eleventh Amendment immunity extends to states and state agencies deemed "arms of the state" that have not waived their immunity, regardless of the relief sought. *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007).  Defendant CDOC is a state agency entitled to Eleventh Amendment immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988).  Congress did not abrogate Eleventh Amendment immunity through § 1983.  *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Accordingly, the CDOC Clinical Services Department is an improper party to this action and will be dismissed.

Further, Mr. Mandrell does not name any specific individual CDOC employees or officials who violated his Constitutional rights.  Mr. Mandrell was warned in the December 3 Order that individual liability under § 1983 must be premised on the individual's personal participation in the alleged constitutional deprivation.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (stating that a § 1983 claim requires "personal involvement in the alleged constitutional violation."); *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (same); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S.

362, 371 (1976)); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (stating that a supervisor can only be held liable for his own deliberate intentional acts).

Further, Plaintiff's statements in the Amended Complaint (ECF No. 10) indicate that he does not intend to sue any individual CDOC medical providers.

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that Mr. Mandrell's § 1983 claim against Defendant PHP,[1] for deprivation of his Eighth Amendment right to adequate medical care, does not appear to be appropriate for summary dismissal and that the case should be drawn to a presiding judge and, if appropriate, to a magistrate judge. *See* D.C.COLO.LCivR 8.1(c).

## III. Orders

For the reasons discussed above, it is

ORDERED that Defendant CDOC Clinical Services Department is DISMISSED based on Eleventh Amendment immunity. It is

---

[1]PHP, a private entity, which does business under the name "Correctional Health Partners," contracts with the CDOC to manage the referral and approval of medical care by outside specialists, somewhat in the nature of managed health care outside the prison environment. *See Self v. Milyard*, No. 11-cv-00813-RBJ-CBS, 2012 WL 3704958, at *3 (D. Colo. July 31, 2012).

FURTHER ORDERED that the § 1983 claim against Defendant PHP for deprivation of Mr. Mandrell's Eighth Amendment right to medical care shall be drawn to a presiding judge and, if appropriate, to a magistrate judge. *See* D.C.COLO.LCivR. 40.1.

DATED January 21, 2015, at Denver, Colorado.

BY THE COURT:


   s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court