IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–03245–KMT

PHILLIP S. MANDRELL,

    Plaintiff,

v.

PHYSICIAN HEALTH PARTNERS AKA (PHP) CORRECTIONAL HEALTH PARTNERS,

    Defendant.

---

## ORDER

---

This matter is before the court on Plaintiff's "Motion to Appeal Court's Order of Denial to Appoint Counsel" (Doc. No. 22, filed June 8, 2015).

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Fed. R. Civ. P. 59(e) will govern when the motion for reconsideration is filed within ten days of the judgment; Fed. R. Civ. P. 60(b) will govern all other motions. *Id.* Plaintiff filed his Motion on June 8, 2015, thirteen days after the court's order denying "Plaintiff's Motion for Appointment of Counsel." (*See* Doc. Nos. 20, 21.) Therefore, the court will consider Plaintiff's request for review pursuant to Rule 60(b).

Rule 60(b) "is not available to allow a party to reargue an issue previously addressed by the court when reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996). Parties seeking relief under Rule 60(b) must overcome a high hurdle because such a motion "is not a substitute for an appeal." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990). Whether to grant a Rule 60(b) motion rests within the court's discretion. *See Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007).

There are three major grounds that justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiff argues this his case is complex. (Doc. No. 22 at 1.) Plaintiff also argues that he does not have the ability to investigate the facts, rules, regulations or duties of the defendant. (*Id.* at 1-2.) However, the court addressed these arguments in its previous Order denying Plaintiff's motion. (*See* Doc. No. 21.) Thus, Plaintiff has not presented new evidence. *See Servants of the Paraclete*, 204 F.3d at 1012. Plaintiff has not argued that there has been an intervening change in controlling law. *See id.* Finally, the court is not persuaded that not reconsidering its Order will result in manifest injustice. *See id.*

Therefore, it is

**ORDERED** that Plaintiff's "Motion to Appeal Court's Order of Denial to Appoint Counsel" (Doc. No. 22) is **DENIED**.

Dated this 9th day of June, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge